# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

| | |
|---|---|
| Veronika Benavidez and John Benavidez, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Equifax Inc. and Equifax Information Services LLC,<br><br>Defendants. | Court File No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Veronika Benavidez and John Benavidez ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring this class action against EQUIFAX INC. and EQUIFAX INFORMATION SERVICES LLC ("Defendants") and respectfully allege the following:

## NATURE OF ACTION

1.      Plaintiffs bring this class action suit on behalf of themselves and all others similarly situated, to redress Defendants' failure to adequately safeguard confidential personal information and related data.

2.      This action arises from one of the largest data security breaches ever to occur in the United States.

3.      As a result of this breach, Plaintiffs and the millions of individuals whose sensitive personal data was made accessible now face substantial risk of further injury from identity theft, credit and reputational harm, false tax claims, or even extortion.

## PARTIES

4.      Veronika Benavidez is a citizen of the State of Illinois, County of Henry.

1

5. John Benavidez is a citizen of the State of Illinois, County of Henry.

6. Defendant Equifax Inc. is a global consumer credit reporting agency incorporated in Georgia, with its principal place of business at 1500 Peachtree Street NW, Atlanta, Georgia.

7. Equifax, along with Experian and TransUnion, is one of the three-largest credit-reporting firms in the U.S. Equifax organizes and analyzes data on more than 820 million consumers and more than 91 million businesses worldwide. Equifax's databases hold employee data submitted by more than 7,100 employers.

8. Equifax Information Services LLC operates as a subsidiary of Equifax Inc. and collects and reports consumer information to financial institutions. Equifax Information Services LLC is incorporated in Georgia with its principal place of business at 1500 Peachtree Street NW, Atlanta, Georgia.

9. Defendants do business nationwide, including in this District.

10. Upon information and belief, the wrongful acts and/or decisions by Defendants leading to this data breach occurred nationwide and in this District.

## FACTUAL ALLEGATIONS

11. On September 7, 2017, Defendants publicly disclosed a massive data security breach that affected approximately 144 million American consumers.

12. Equifax has stated that the cyberattack was discovered on July 29, 2017. Even though it discovered the attack in July, and despite the breadth and severity of the release, Equifax waited approximately six weeks before publicly announcing the breach.

13. Defendants first indicated that the attack was carried out from mid-May to July 2017.

14. Equifax has now admitted that its systems were breached in March 2017, five months earlier than previously acknowledged.

2
26249.0001 -- 3376072_1

15. Defendants admit that their U.S. website application had a security "vulnerability" that allowed third parties to access a vast amount of individual personal identifying information.

16. As a result of Defendants' actions, the Social Security numbers, birth dates, addresses, driver's license numbers, and other confidential personal information ("Confidential Personal Information") of millions of U.S. consumers were unlawfully accessed by hackers. Hackers also gained access to credit-card numbers for approximately 209,000 consumers, as well as dispute records containing the Confidential Personal Information of roughly 182,000 consumers.

17. None of the individuals whose Confidential Personal Information was compromised by the hacking authorized such access or disclosure by Defendants.

18. Defendants themselves have stated that Confidential Personal Information was accessed by – and therefore presumably is in the hands of – "criminals."

19. Defendants purport to be sophisticated companies with "industry expertise" in handling "trusted unique data," including the highly sensitive and Confidential Personal Information of individual consumers like Plaintiffs.

20. Despite these representations, Defendants have been sued, investigated, and fined multiple times in recent years for fundamental flaws in their electronic systems that store and handle Confidential Personal Information.

21. After more than a month, Equifax established a website that allows U.S. Consumers to determine whether their data may have been compromised and enroll in free credit monitoring.

22. The website Equifax set up and directed consumers to use to check whether their Confidential Personal Information had been compromised was itself fraught with security risks.

3

The site has a flawed Transport Layer Security implementation, and runs on free blogging software unsuitable for secure applications.

23. The site also asks consumers to provide their last name, as well as the last six digits of the social security numbers, without any assurance that that the information would be secure. It fails to warn consumers to use a secure computer or encrypted network to transmit such sensitive information.

24. In fact, the site appears to generate the same responses regardless of whether a consumer enters valid or fictional information.

25. The site asks consumers to enroll in an Equifax product (TrustedID) that requires consumers to provide additional sensitive personal information.

26. In order to use the TrustedID free credit monitoring, the site also inconspicuously requires consumers to waive certain legal rights and submit disputes to individual arbitration.

27. Upon information and belief, the wrongful acts and/or decisions by Defendants leading to this data breach occurred nationwide and in this District.

## JURISDICTION

28. This Court has original jurisdiction pursuant to 28 U.S.C.A. § 1332(d)(2), in that the matter in controversy, exclusive of interest and costs, exceeds the sum of $5,000,000 and is a class action in which members of the Class are citizens of a state different from Defendants.

29. This Court has personal jurisdiction over Defendants because they conduct significant business in this District, and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this District.

30. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' and putative Class Members' claims occurred in this jurisdiction. Defendants are authorized to do business in this District and are subject to personal

4

26249.0001 -- 3376072_1

jurisdiction in this District. Venue is proper in the Rock Island Division because Plaintiffs are residents of Henry County.

## CLASS ACTION ALLEGATIONS

31. Plaintiff incorporate each paragraph of this Complaint as if set forth fully here, and further allege as follows.

32. Plaintiffs brings their claims on behalf of the Class, which is defined as:

> All United States residents whose Confidential Personal Information became accessible in either Equifax data breach disclosed on September 7, 2017, or September 18, 2017.

33. Plaintiffs also bring this action on behalf of the Illinois Subclass, which is defined as:

> All Illinois residents whose Confidential Personal Information became accessible in either Equifax data breach disclosed on September 7, 2017, or September 18, 2017.

34. Excluded from the Class and Illinois Subclass are: a) any Judge or Magistrate presiding over this action and members of their families; b) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees; c) persons who properly execute and file a timely request for exclusion from the Class; d) the legal representatives, successors or assigns of any such excluded persons; e) all persons who have previously had claims finally adjudicated or who have released their claims against Defendants similar to those alleged herein; and f) any individual who contributed to the unauthorized access of the Confidential Personal Information held by Defendants.

35. While the exact number and identities of the Class Members are unknown at this time, and can only be ascertained through appropriate discovery, on information and belief, the

Class is so numerous – over one hundred and forty-three million (143,000,000) –that joinder of all Class Members is impracticable.

36.   Defendants' wrongful conduct affected all of the Class Members in precisely the same way, including: a) Defendants improperly and inadequately stored consumers' Confidential Personal Information; b) Defendants failed to safeguard consumers' Confidential Personal Information; c) Defendants failed to immediately notify consumers of the data breach and/or notify them directly as soon as practicable after discovering the data breach; and d) Defendants failed to monitor and ensure compliance with pertinent data security standards, statutes and regulations.

37.   Questions of law and fact common to all Plaintiff and Class Members predominate over any questions affecting only individual Class Members including, without limitation:

    (a)   Whether Defendants' owed duties to Class Members under federal and state law to protect their Confidential Personal Information, provide timely notice of unauthorized access to this information, and provide meaningful and fair redress;

    (b)   Whether Defendants breached these duties;

    (c)   Whether Defendants acted wrongfully by improperly monitoring, storing and/or failing to properly safeguard consumers' Confidential Personal Information;

    (d)   Whether Defendants knew, or reasonably should have known, about the deficiencies in their data storage systems;

(e) Whether Defendants willfully failed to design, employ, and maintain a system adequate to protect consumers' personal information;

(f) Whether representations that Defendants made about the security of their systems were false or misleading;

(g) Whether Defendants' failures resulted in the statutory and common law breaches alleged herein; and

(h) Whether Defendants failed to properly and timely notify Plaintiffs and Class Members of the breach in the most expedient time possible and without unreasonable delay after it was discovered.

38. Plaintiffs' claims are typical of the claims of all Class Members because such claims arise from the Defendants' wrongful conduct, as alleged above, pertaining to Plaintiffs' and Class Members' Confidential Personal Information. Plaintiffs have no interests antagonistic to the interests of the other Class Members.

39. Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs have retained competent counsel experienced in complex commercial litigation and class actions to represent herself and the Class.

40. This class action also provides a fair and efficient method for adjudicating the claims of Plaintiffs and Class Members for the following reasons:

(a) common questions of law and fact predominate over any question affecting any individual Class Member;

(b) the prosecution of separate actions by individual Class Members would likely create a risk of inconsistent or varying adjudications with respect to individual Class Members, thereby establishing incompatible standards of

conduct for the Defendants and/or would allow some Class Members' claims to adversely affect the ability of other Class Members to protect their interests;

(c) Plaintiffs anticipate no difficulty in the management of this litigation as a class action; and

(d) The Class is readily definable. Prosecution as a class action will eliminate the possibility of repetitious litigation while also providing redress for claims that may be too small to support the expense of individual, complex litigation.

41. For these reasons, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Certification, therefore, is appropriate under Rule 23(b)(1) or (b)(3) of the Federal Rules of Civil Procedure.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT ("FCRA")

42. Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

43. Plaintiffs and Class Members are individual consumers within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

44. The Confidential Personal Information at issue was a "consumer report" within the meaning of the FCRA (15 U.S.C. § 1681a(d)) because the Confidential Personal Information was a communication of information that bears on the credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living of Plaintiffs and Class Members that was expected to be used or collected to serve as a factor in establishing Plaintiffs' and Class Members' eligibility for credit.

26249.0001 -- 3376072_1

45. Defendants are consumer reporting agencies within the meaning of the FCRA (15 U.S.C. § 1681e(a)) because they regularly engage, for monetary fees, in assembling and evaluating consumer credit information and other consumer information for the purpose of furnishing consumer reports to third parties, such as banks, cell phone carriers, and other lenders and retailers.

46. Under the FCRA, Defendants were required to maintain reasonable procedures that are designed to limit the furnishing of consumer reports to six circumstances ("purposes") identified at 15 U.S.C. § 1681b.

47. Defendants violated the FCRA by furnishing the personal information in various consumer reports to the unauthorized individuals or entities that accessed the Confidential Personal Information through the Equifax website, because furnishing consumer reports in such circumstances is not one of the permitted "purposes" under the FCRA. In addition, Defendants failed to maintain reasonable technological or other procedures designed to prevent such impermissible furnishing of consumer reports.

48. In light of Defendants' knowledge, experience, and expertise in consumer data security, prior failures in their systems, and the vast nature of this breach, affected such core consumer information, and went on for so long without detection and disclosure, it also is clear that Defendants acted willfully or recklessly in their failure to safeguard the Confidential Personal Information at issue here.

49. Defendants' willful and/or reckless violations of the FCRA provided the means for third parties to access, obtain, and misuse the Confidential Personal Information of Plaintiffs and Class Members without authorization and for purposes not permitted by the FCRA.

50. Defendants' violation of their duties under the FCRA constitutes a de facto injury to Plaintiffs and Class Members. In addition, Defendants' violation of the FCRA has directly and proximately injured Plaintiffs and Class Members, including by foreseeably causing them to expend time and resources investigating the extent to which their personal information has been compromised, taking reasonable steps to minimize the extent to which the breach puts their credit, reputation, and finances at risk, and taking reasonable steps (now or in the future) to redress fraud, identity theft, and similarly foreseeable consequences of criminals obtaining the personal information.

51. Pursuant to 15 U.S.C. § 1681n(a)(1)–(3), Plaintiffs and Class Members are entitled to recover their attorney's fees and costs for Defendants' negligent and willful non-compliance with the FCRA.

## COUNT II
## BREACH OF FIDUCIARY DUTY

52. Plaintiffs incorporate each paragraph of this Complaint as if set forth fully here, and further allege as follows.

53. By virtue of their possession, custody and/or control of Plaintiffs' and Class Members' Confidential Personal Information, and their duty to properly monitor and safeguard it, Defendants were, and continue to be, in a confidential, special and/or fiduciary relationship with Plaintiffs and Class Members. As fiduciaries, Defendants owed, and continue to owe, Plaintiffs and Class Members:

    (a)    the commitment to deal fairly and honestly;

    (b)    the duties of good faith and undivided loyalty; and

    (c)    integrity of the strictest kind.

54. Defendants were, and continue to be, obligated to exercise the highest degree of care in carrying out their responsibilities to Plaintiffs and Class Members under such confidential, special and/or fiduciary relationships.

55. Defendants breached their fiduciary duties to Plaintiffs and Class Members by, inter alia, improperly storing, monitoring and/or safeguarding Plaintiffs' and Class Members' Confidential Personal Information.

56. To the extent that Defendants are fiduciaries who did not breach the duties outlined above, Defendants are nonetheless liable because they had knowledge of the breaches of fiduciary duty committed by other fiduciaries, and did not make reasonable efforts under the circumstances to remedy such fiduciary breaches.

57. To the extent that Defendants are not fiduciaries, Defendants are nonetheless liable because they engaged in transactions with a breaching fiduciary under circumstances in which they knew, or should have known, about such fiduciary breaches.

58. Defendants breached their fiduciary duties to Plaintiffs and Class Members by their wrongful actions described above. Defendants willfully and wantonly breached their fiduciary duties to Plaintiffs and Class Members or, at the very least, committed these breaches with conscious indifference and reckless disregard of their rights and interests.

**COUNT III**
**NEGLIGENCE**

59. Plaintiffs incorporate each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

60. Defendants were, and continue to be, in confidential, special and/or fiduciary relationships with Plaintiffs and Class Members by virtue of being entrusted with their Confidential Personal Information. At the very least, therefore, Defendants assumed a duty, and

had duties imposed upon them by regulations and common law, to use reasonable care to keep Plaintiffs' and Class Members' Confidential Personal Information private and secure, including a duty to comply with applicable data security standards, statutes and/or regulations.

61.     Defendants also had a duty to timely inform Plaintiffs and Class Members of the breach and the fact that their Confidential Personal Information had been stolen and/or compromised, and, upon learning of the breach, a duty to take immediate action to protect Plaintiffs and Class Members from the foreseeable consequences of the breach. By their acts and omissions described therein, Defendants unlawfully breached their duty, and Plaintiffs and Class Members were harmed as a direct result.

62.     Defendants knew, or should have known, that their computer network for processing and storing consumers' Confidential Personal Information had security vulnerabilities. Defendants were negligent by continuing to accept, process and store such information in light of these computer network vulnerabilities and the sensitivity of the Confidential Personal Information stored within.

63.     The breach, and the resulting damages suffered by Plaintiff and Class Members, were the direct and proximate result of a number of negligent actions and omissions, including but not limited to:

    (a)    Defendants' improper retention and storage of Plaintiffs' and Class Members' Confidential Personal Information;

    (b)    Defendants' failure to use reasonable care to implement and maintain appropriate security procedures necessary to protect such information from unlawful intrusion and access;

(c) Defendants' delay in notifying Plaintiffs and Class Members about the breach for more than a month; and

(d) Defendants' failure to take immediate and effective action to protect Plaintiffs and Class Members from potential and foreseeable damage.

64. Defendants' wrongful actions constitute negligence.

65. When Defendants gathered and transmitted consumers' Confidential Personal Information, they came into the possession, custody and control of this sensitive information and as such, were and continue to be in confidential, special and/or fiduciary relationships with Plaintiffs and Class Members. At the very least, Defendants had a duty to monitor and safeguard such information to keep it private and secure, including a duty to ensure that Defendants complied with applicable data security standards, statutes and/or regulations.

66. Defendants knew, or should have known, that their network for processing and storing consumers' Confidential Personal Information had security vulnerabilities. Indeed, Defendants were aware in March 2017 of the security vulnerabilities of their data due to unlawful access by hackers but yet failed to take all necessary steps to preclude the later hacker access. Defendants were negligent in continuing to maintain and process such Confidential Personal Information in light of those vulnerabilities and the sensitivity of the information.

67. The breach was a direct and/or proximate result of Defendants' failure to use reasonable care to ensure that they maintained appropriate security procedures reasonably designed to protect Plaintiffs' and Class Members' Confidential Personal Information. Defendants' wrongful conduct constitutes negligence.

68. Plaintiffs and Class Members have not in any way contributed to the security breach or the compromise or theft of their Confidential Personal Information from Defendants.

## COUNT IV
## NEGLIGENCE PER SE

69. Plaintiffs incorporate each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

70. Pursuant to the Gramm-Leach-Bliley Act (the "Act"), 15 U.S.C. § 6801, Defendants had a duty to protect and keep consumers' Confidential Personal Information secure, private and confidential.

71. Defendants violated the Act by not adequately safeguarding Plaintiffs' and Class Members' Confidential Personal Information, as defined under the Act, and by not adequately monitoring and ensuring that Defendants complied with data security standards, card association standards, statutes and/or regulations designed to protect such Confidential Personal Information.

72. Defendants also failed to comply with data security standards, statutes and regulations prohibiting the storage of unprotected Confidential Personal Information.

73. Defendants' failure to comply with the Act, industry standards and/or regulations constitutes negligence per se.

## COUNT V
## BREACH OF CONTRACT

74. Plaintiffs incorporate each paragraph of this Complaint as if set forth fully here, and further alleges as follows.

75. Plaintiffs and Class Members were parties to actual or implied contracts with Defendants that required Defendants to properly safeguard their Confidential Personal Information from theft, compromise and/or unauthorized disclosure.

76. Additionally, Plaintiffs and Class Members were third party beneficiaries to contracts and/or agreements by and between Defendants and other institutions and networks.

These agreements required Defendants to properly safeguard Confidential Personal Information from theft, compromise and unauthorized disclosure.

77.     Defendants breached their agreements with Plaintiffs and Class Members by failing to properly safeguard Confidential Personal Information from theft, compromise and/or unauthorized disclosure. Defendants' wrongful conduct constitutes breach of contract.

## COUNT VI
## COMMON LAW INVASION OF PRIVACY

78.     Plaintiffs incorporate the allegations above as if fully described herein.

79.     Plaintiffs specifically incorporate herein this claim the allegations set forth in the Statement of Facts above.

80.     Defendants are and were not authorized to disclose, transmit, or otherwise allow access to Plaintiffs' and Class Members' Confidential Personal Information to unauthorized persons.

81.     As a result of Defendants' conduct, Plaintiffs and the Class Members' Confidential Personal Information was disclosed to or allow to be accessed by unauthorized persons.

82.     Defendants' conduct alleged herein was highly offensive and egregious and would be offensive to a reasonable person as well as an egregious breach of the social norm.

83.     Defendants' conduct violated Plaintiffs and the Class Members' common law right of privacy.

84.     Defendants' conduct directly resulted in substantial damages and irreparable harm to Plaintiffs and the Class Members.

85.     Defendants' conduct was intentional, reckless, and/or negligent.

26249.0001 -- 3376072_1

86. Plaintiffs and the Class Members are entitled to damages in an amount to be proven at trial, punitive damages, injunctive relief, and attorney's fees.

### COUNT VII
### VIOLATION OF ILLINOIS PERSONAL INFORMATION PROTECTION ACT, 815 ILCS 530/10
### (ON BEHALF OF PLAINTIFFS AND THE ILLINOIS SUBCLASS)

87. Plaintiffs re-allege and incorporate by reference all prior allegations as if fully set forth herein.

88. Plaintiffs bring this Count on behalf of themselves and the Illinois Subclass.

89. At all times pertinent to the allegations in this Complaint, the Personal Information Protection Act, codified at 815 ILCS 530/1 *et seq.*, was in full force and effect.

90. Defendants are "data collectors" as defined in 815 ILCS 530/5.

91. The data security breach described in this Complaint is a "breach of the security of the system data" or "breach" as defined in 815 ILCS 530/5.

92. The Confidential Personal Information described in this Complaint is "personal information" as defined in 815 ILCS 530/5.

93. Defendants owned or licensed personal information concerning Illinois residents.

94. 815 ILCS 530/10(a) mandates that a data collector such as Defendants "shall notify the [Illinois] resident at no charge that there has been a breach of the security of the system data following discovery or notification of the breach. The disclosure notification shall be made in the most expedient time possible and without reasonable delay…"

95. Defendants violated 815 ILCS 530/10 by failing to provide notice to Plaintiffs or the Members of the Illinois Subclass in the most expedient time possible and without unreasonable delay. Instead, Defendants waited nearly six weeks to disclose the breach publicly, and even longer to notify individuals affected.

96. Defendants' violation of 815 ILCS 530/10 constitutes an unlawful practice under the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

97. As a result of Defendants' violation of 815 ILCS 530/10, Plaintiffs and the Illinois Subclass Members have incurred damages in an amount to be proven at trial.

## COUNT VIII
## VIOLATION OF ILLINOIS PERSONAL INFORMATION PROTECTION ACT, 815 ILCS 530/45
## (ON BEHALF OF PLAINTIFFS AND THE ILLINOIS SUBCLASS)

98. Plaintiffs re-allege and incorporate by reference all prior allegations as if fully set forth herein.

99. 815 ILCS 530/45 requires that a data collector such as Defendants "shall implement and maintain reasonable security measures to protect those records from unauthorized access, acquisition, destruction, use, modification, or disclosure."

100. Defendants violated 815 ILCS 530/45 by failing to implement and maintain reasonable security measures to protect records that contained personal information concerning Plaintiffs and the Illinois Subclass from unauthorized access, acquisition, destruction, use, modification, or disclosure.

101. Defendants' violation of 815 ILCS 530/45 constitutes an unlawful practice under the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

102. As a result of Defendants' violation of 815 ILCS 530/45, Plaintiffs and the Illinois Subclass Members have incurred damages in an amount to be proven at trial.

## COUNT IX
## DECLARATORY JUDGMENT

103. Plaintiffs re-allege and incorporate by reference all prior allegations as if fully set forth herein.

104. As set forth above, Plaintiffs and the Class Members have valid common law and statutory claims against Equifax. An actual controversy has arisen in the wake of Equifax's Data Breach regarding Equifax's current obligations to provide reasonable internet security measures to protect Confidential Personal Information of Plaintiffs and the Class Members.

105. Plaintiffs thus seek a declaration that to comply with its existing obligations, Equifax must implement specific additional, prudent industry security practices, as outlined below, to provide reasonable protection and security to the Confidential Personal Information of the Plaintiffs and the Class Members. Specifically, Plaintiffs and the Class Members seek a declaration that (a) Equifax's existing internet security measures do not comply with its obligations, and (b) that to comply with its obligations, Equifax must implement and maintain reasonable internet security measures on behalf of Plaintiffs and the Nationwide Class, including, but not limited to: (1) engaging third party security internet security testers as well as internal security personnel to conduct testing consistent with prudent industry practices, including simulated attacks, penetration tests, and audits on Equifax's internet security measures on a periodic basis; (2) engaging third party interest security testers and internal personnel to run automated security monitoring of Equifax's websites and databases consistent with prudent industry practices; (3) audit, test, and train its internal internet security personnel regarding any new or modified procedures; (4) conducting regular website, internet, and online database scanning and security checks consistent with prudent industry practices; (5) periodically conducting internal training and education to inform internal personnel how to identify and contain a data breach when it occurs and what to do in response to a breach consistent with prudent industry practices; (6) receiving periodic compliance audits by a third party regarding the security of the Equifax's online websites and databases it uses to store the Confidential

Personal Information of its customers; (7) providing ongoing identity theft protection, monitoring, and recovery services to Plaintiffs and Class Members.

106. The Plaintiffs and each Class Member are entitled to a declaration of rights providing that Equifax is obligated, pursuant to terms established by the Court, to reimburse said individuals for any and all future harm caused by the data breach.

## REQUESTED RELIEF

107. As a direct and/or proximate result of Defendants' wrongful conduct, Plaintiffs and Class Members have sustained, and will continue to sustain, damages in the form of: a) the unauthorized disclosure and/or compromise of their confidential personal information; b) monetary losses and damage to credit from fraudulent charges made on their accounts; and c) the burden and expense of credit monitoring.

108. Plaintiffs and Class Members' damages were reasonably foreseeable by Defendants.

109. Plaintiffs and Class Members are entitled to equitable relief to prevent any additional harm including, but not limited to, provision of credit monitoring services for a period of time to be determined by the trier of fact.

110. Plaintiffs and Class Members are entitled to recover their reasonable and necessary attorneys' fees, litigation expenses and court costs.

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated Class Members, respectfully request that this Court:

A. Certify this action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, appoint Plaintiffs as representatives of the Class and the Illinois Subclass, and appoint Plaintiffs' counsel as Class Counsel;

B.      Enter judgment in favor of Plaintiffs, the Class, and the Illinois Subclass against Defendants under the legal theories alleged herein;

C.      Award damages and/or equitable relief in an amount to be determined by the trier of fact;

D.      Award attorneys' fees, expenses and costs of suit;

E.      Award pre-judgment and post-judgment interest at the maximum rate allowed by law; and

F.      Such other and further relief as to this Court may deem necessary, just and proper.

## JURY TRIAL DEMANDED

Plaintiff respectfully demands a trial by jury on all the claims and causes of action so triable.

**HELLMUTH & JOHNSON, PLLC**

Dated: October 5, 2017

By: /s/ Gregory S. Otsuka
Gregory S. Otsuka, IL Bar No. 6270388
8050 West 78th Street
Edina, Minnesota 55439
Telephone: (952) 941-4005
Facsimile: (952) 941-2337
Email: gotsuka@hjlawfirm.com

*To be Admitted Pro Hac Vice:*
Michael R. Cashman (MN #206945)
Richard M. Hagstrom (MN #39445)
8050 West 78th Street
Edina, Minnesota 55439
Telephone: (952) 941-4005
Facsimile: (952) 941-2337
Email: mcashman@hjlawfirm.com
Email: rhagstrom@hjlawfirm.com

20